## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 13 2023

ARTHUR JOHNSTON
BY_____ DEPUTY

RODOLFO HUMBERTO RODA MARTINEZ

                    Petitioner,

                                        3: 23-cv- 451 TSL-RPM

v.                                      CASE No.   1:22-cr-20012-DPG(1)


Warden C. Harrison FCI Yazoo City Low I

                    Respondent.


## EMERGENCY MOTION FOR HABEAS CORPUS UNDER 28 U.S.C.§ 2241

**COMES NOW,** Rodolfo Humberto Roda Martinez , **PETITIONER, Pro-Se, and hereby files this Motion seeking relief from this Honorable Court.**

This Court is respectfully reminded that Petitioner is proceeding <u>Pro-Se</u> and expects that his pleadings will be liberally construed under Haines v. Kerner, 404 U.S. 519,520,92, S.Ct. 594,30L.ed.2d 652(1972).

Petitioner also wants to advise this honorable Court that Petitioner is not required to exhaust administrative remedies before bringing this

1

Petition to Court. The United States Court of Appeals has specifically held that an Alien Habeas Petitioner with a detainer in place against him as Petitioner, is not required to exhaust administrative remedies before bringing a Petition challenging B.O.P. regulations or procedures barring him from halfway house, early supervised release placement on due process and Constitutionally Equal Protection Grounds. <u>Please See 688 F3d 190,194, (citing 127 F.3d 470, 477 (noting exhaustion not required where claimant raises a Constitutional claim that The Agency would clearly object).</u> The Court reasoned very wisely that it would be futile for a prisoner to make an administrative challenge seeking relief from the very entity charged to enforce the regulation, Id, Exceptions to the exhaustion requirement exist "where the available administrative remedies either are unavailable or wholly inappropriate the relief sought, or where the attempt to exhaust such remedies would itself be patently futile course of action." <u>11 F.3d at 62.</u>

## ARGUMENT

Petitioner, who is currently incarcerated at F.C.I Yazoo City Low Facility in Yazoo City, MS, respectfully submits this petition requesting the Court's help, because the Federal Bureau of Prisons (B.O.P) discriminates non-U.S. Citizens inmates like Petitioner, and excludes us from obtain the benefits, Petitioner sates the following:

(1). Petitioner is serving a <u>30</u> months federal sentence in case No. <u>1:22 cr-20012-DPG(1)</u> in the District Court for the <u>Southern Mississippi</u>

(2). Petitioner's projected release date is <u>February 2, 2024</u> via GCT.

(3). Petitioner has earned a substantial amount of "First Step Act Time Credits" (FTCs) (18 U.S.C.) 3624(a)(4) through "successful completion of evidence-based recidivism reduction programs and productive activities." Petitioner calculates that he has earned over 1 years' worth of these FTC's.

(4). The Federal Bureau of Prisons began applying these FTC's on January 19th, 2022.

(5). FTC's can be applied towards early release custody, pre-release custody or supervised release per 18 U.S.C. § 3624(g).

(6). The Petitioner is a deportable alien with an ICE detainer. However, he is not now "the Subject of a final order of removal issued by an immigration judge."

(7). Deportable prisoners are ineligible to apply FTC's under 18 U.S.C.§3632(d)(4)(E) if they are "the subject of a final order of removal under any provision of the Immigration laws." As the petitioner is not the subject of a final order of removal, by the plain text of the statute, the petitioner qualifies to apply his FTC's towards earlier release.

(8). If the Petitioner were able to apply his FTC's towards additional supervised release, he would been released to ICE custody on February 2, 2024.

(9). The Federal Bureau of Prisons is maliciously misreading 18 U.S.C. §3632(d)(4) (E) (i), saying that deportable aliens "subject to a final order of removal" are not eligible to apply FTC's to earlier release. Even worse, they claim that simply having an ICE detainer or an Expedited Order of Removal issued by an immigration officer makes one ineligible.

(10). The Petitioner has not exhausted administrative remedies. Because the BOP is maliciously misinterpreting the clear text of the relevant statutes, as well as the clear Congressional intent when they passed The First Step Act of 2018, the administrative remedy process is not "available" to the Petitioner, and to attempt to exhaust his administrative remedies would be "futile". Thus, the petitioner is engaging the textual exception to exhausting his administrative remedies available in the Prison Litigation Reform Act of 1995, that he exhausts those remedies that "are available".

(11). A § 2241 is the correct and only vehicle for which the Petitioner can get appropriate relief on this issue.

## STATUTORY AUTHORITY

The First Step Act of 2018 was enacted into law on December 21,2018, and codified at 18 U.S.C. sec. 3632(d)(4). The B.O.P. created a rule to implement procedures for earning and awarding earned time credits. That Rule is located at 28 CFR part 523 and part 541. The final Rule says:

1. Who is eligible to apply FSA Time Credits toward pre-release custody or supervised release?
   • People in B.O.P. custody (including those in a halfway house or on home confinement;
   • Who are serving a Federal Sentence;
   • Who have successfully participated in Evidence-Based Recidivism Reducing programs (EBRR or Programs) or Productive Activities (PA);
      Who have maintained a "minimum" or "low" risk status through their two most recent risk assessments, or
      Who can obtain warden approval; and
      Who have earned credits equal to the remainder of their prison term.

   • Eligible people who have earned FSA Time Credits may have them applied toward pre-release custody (halfway house or home confinement transfers) or early transfer to supervised release (essentially shortening the sentence).
      Transfer to supervise release limited to one year, but people may be transferred to pre-release custody earlier.

   • As soon as an eligible person begins their Federal Sentence, they are eligible to earn FSA Time Credits.

   • People are being awarded retroactive FSA Time Credits for participation in programs after the First Step Act was enacted on December 21,2018.
      Eligible people who participated in programming and activities from December 21, 2018 to January 14,2020, will be presumed to have participated in EBRR programs and PAs and may earn FSA

Time Credits using the same criteria applied as if they had participated in those Programs and PAs.

This presumption applies because the risk and needs assessments were not completed until January 14,2020, so there was not ability to connect individuals to recommended programs.

After January 15,2020, eligible people who successfully participated in EBRR programs or PAs recommended by the BOP may be able to earn FSA Time Credits.

The B.O.P is calculating and applying Earned Time Credits retroactively (from December 21,2018) and transferring people to home confinement or half way houses or to supervised release. Thousands of people especially American Citizens started transferring out of prison to the community or ending their sentences and beginning supervised release starting on January 13,2022.

A person is eligible for transfer to supervised release when they have:

• Met all the criteria above exposed;
• Have a term of supervised release included in their sentence;
• Are within 12 months of the end of their sentence, and either
    Have maintained minimum or low recidivism risk through the most recent risk and needs assessment, or
    Are approved by the Warden after the Warden determines they:
• do not pose a danger to the society
• have made a good faith effort to lower risk of recidivism: and
• are unlikely to recidivate.
• Do not have a final order of deportation given by an Immigration Judge.

## CONCLUSION

Therefore, for the foregoing reasons, the Petitioner respectfully request that his emergency motion for habeas corpus under 28 U.S.C. §2241 be granted. Additionally, the Petitioner asks that this Court order the Government to respond to this petition, allow the Petitioner to reply

to the Government's response, and not grant any motions for extension. Finally, the Petitioner asks that, when this case is fully argued, this Court expedite its decision as well,


**Respectfully Submitted**
*Rodolfo Humberto Roda martinez*                    **Date:** 07-10-23

Rodolfo Humberto Roda Martinez
Register No.  02683-506
**F.C.I. Yazoo City Low**
**Federal Correctional Institution**
**P.O. Box 5000**
**Yazoo City, MS 39194**